# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL ACTION NO. 3:16-CV-221-DCK

| | |
|---|---|
| FRANCISCO AVOKI, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **ORDER** |
| ) | |
| CAROLINAS TELCO, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER IS BEFORE THE COURT** on "Plaintiff'[s] Motion To Dismiss Without Prejudice" (Document No. 38). The parties have consented to Magistrate Judge jurisdiction pursuant to 28 U.S.C. § 636(c), and this motion is ripe for disposition. Having carefully considered the motion and the record, the undersigned will grant the motion.

Plaintiff Francisco Avoki ("Plaintiff" or "Avoki"), appearing *pro se*, initiated this action with the filing of his "Complaint and Request of Jury Trial" (Document No. 1) on May 6, 2016. On September 21, 2016, the parties consented to Magistrate Judge jurisdiction. (Document Nos. 20 and 21). A "Pretrial Order And Case Management Plan" (Document No. 25) issued on October 5, 2016.

"Plaintiff's Motion To Dismiss Without Prejudice" (Document No. 38) was purportedly signed on or about December 9, 2016, and then filed December 20, 2016. The motion seeks voluntary dismissal pursuant to Fed.R.Civ.P. 41 (a). (Document No. 38). By the pending motion, construed by the Clerk of Court as a "Notice Of Voluntary Dismissal," Plaintiff seeks to withdraw this lawsuit without prejudice due to health issues. (Document No. 38). Plaintiff's concise

motion/notice reports that he suffered "with heart general failure" on or about December 3, 2016, and was immediately transferred to Paris, France. Id.

A "Response By Defendant Carolina Telco Federal Credit Union To Plaintiff's Notice Of Voluntary Dismissal" (Document No. 39) was filed on January 4, 2017. In response, Defendant simply states that it does not oppose the relief requested by Plaintiff. (Document No. 39).

The undersigned observes that since "Defendant's Answer To Plaintiff's Complaint" (Document No. 12) was filed on July 21, 2016, any stipulation of dismissal required the signature of all parties. See Fed.R.Civ.P. 41(a)(1)(A). However, the Rule also allows the Court to dismiss an action "on terms that the court considers proper." Fed.R.Civ.P. 41(a)(2). Considering all the circumstances of this case, including that *pro se* Plaintiff is apparently receiving medical treatment in France and requests dismissal without prejudice, and that Defendant does not oppose the request, the undersigned finds good cause to allow this matter to be dismissed.

**IT IS, THEREFORE, ORDERED** that "Plaintiff'[s] Motion To Dismiss Without Prejudice" (Document No. 38) is **GRANTED**, and this matter is hereby **DISMISSED WITHOUT PREJUDICE**.

**SO ORDERED**.

Signed: January 5, 2017

David C. Keesler
United States Magistrate Judge